UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO EVANS,

        Petitioner,

v.                                                          CASE NO. 05-CV-74130-DT
                                                            HONORABLE NANCY G. EDMUNDS
RAYMOND BOOKER,

        Respondent.
_____/

### ORDER TRANSFERRING PETITIONER'S MOTION TO VACATE JUDGMENT (ECF NO. 38) TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION

#### I. Introduction

On October 28, 2005, petitioner Mario Evans commenced this action by filing a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenged Petitioner's convictions for second-degree murder and felon in possession of a firearm. Petitioner alleged that the admission at trial of his pretrial statement to the police violated his rights under the Fourth and Fifth Amendments to the United States Constitution and that the prosecutor improperly used evidence of Petitioner's previous conviction and prior contacts with the police as substantive evidence of guilt.

On August 1, 2007, the Court denied the habeas petition on grounds that Petitioner's Fourth Amendment claim was not cognizable on habeas review, his Fifth Amendment claim lacked merit, and his prosecutorial-misconduct claim was procedurally defaulted. *See* ECF No. 28. Petitioner appealed the Court's decision, and on August 27, 2007, the Court granted Petitioner a certificate of appealability on his

Fifth Amendment claim regarding the voluntariness of his pretrial confession. The United States Court of Appeals for the Sixth Circuit subsequently affirmed the Court's judgment. See Evans v. Booker, No. 07-2029 (6th Cir. June 7, 2010), ECF No. 36.

Currently before the Court is Petitioner's motion to vacate the Court's judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). Petitioner contends that the Court's judgment is void because the Court failed to determine whether the state court had jurisdiction to try him. Petitioner asserts that the state court lacked jurisdiction because the state district court entered a not guilty plea in his behalf and ordered him to stand mute at his arraignment. Petitioner claims that, by ordering him to stand mute, the state district court deprived him of his right to object or question the district court's performance under Michigan Court Rule 6.104(E). Petitioner also alleges that the state district court did not appoint counsel for him in a timely manner. Petitioner argues that these errors affected all subsequent stages of his case and, therefore, both the state trial court's judgment and this Court's judgment are void.

## II. Analysis

Federal Rule of Civil Procedure 60(b) permits a federal court to relieve a party from a final judgment and to re-open the case for certain specified reasons and for any other reason that justifies relief. Petitioner brings his motion under Rule 60(b)(4), which authorizes a court to grant relief from a final judgment when the judgment is void. The Court must decide whether Petitioner's motion for relief from judgment is, in fact, an application for habeas corpus relief, because habeas petitioners generally may file only one petition for the writ of habeas corpus. As explained in the relevant statute,

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

The United States Court of Appeals for the Sixth Circuit recently explained that

> [a] petitioner's Rule 60(b) motion is a "second or successive" habeas application "when it 'seeks vindication of' or 'advances' one or more 'claims.' " *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez* [*v. Crosby*, 545 U.S. 524, 531-32, 125 S.Ct. 2641 (2005)]. A "claim," in turn, "is 'an asserted federal basis for relief from a state court's judgment of conviction.' " *Ibid*. (quoting *Gonzalez*, 545 U.S. at 530, 125 S.Ct. 2641). For example, a habeas petitioner's Rule 60(b) motion advances claims "when [the petitioner] seeks to add a new ground for relief or seeks to present 'new evidence in support of a claim already litigated.' " *Moreland* [*v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016)] (quoting *Gonzalez*, 545 U.S. at 531, 125 S.Ct. 2641).

*Franklin v. Jenkins*, __ F.3d __, __, No. 15-3180, 2016 WL 5864892, at *5 (6th Cir. Oct. 7, 2016).

3

As further explained by the Supreme Court in *Gonzalez*, a Rule 60(b) motion that seeks vindication of a claim by presenting new claims for relief or by presenting new evidence in support of a claim already litigated

> is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents [the Antiterrorism and Effective Death Penalty Act's] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2).

*Gonzalez*, 545 U.S. at 531.

Petitioner's allegations that the state district court's procedures violated his rights under state and federal law and that the state trial court lacked jurisdiction to try him are new claims that were not presented in Petitioner's habeas petition. Therefore, the Court must treat Petitioner's Rule 60(b) motion as a second or successive habeas petition.

A habeas petitioner who seeks to file a second or successive habeas petition must first move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010). "[F]ederal district courts lack jurisdiction to consider second or successive habeas petitions without preauthorization from the relevant Court of Appeals." *Franklin*, 2016 WL 5864892, at *5. When a petitioner files a second or successive habeas petition in the district court without prior authorization from the Court of Appeals, the Court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

---

[1] Section 1631 provides that,

Petitioner has not acquired permission from the Court of Appeals to file a second or successive habeas petition. Accordingly, the Court orders the Clerk of the Court to transfer Petitioner's motion to vacate judgment (ECF No. 38) to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas corpus petition.

s/ Nancy G. Edmunds  
NANCY G. EDMUNDS  
UNITED STATES DISTRICT JUDGE

Dated: November 22, 2016

---

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

5